**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ARMISTEAD D. MYERS,
          *Defendant-Appellant.*

No. 02-4477

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-01-188)

Submitted: November 20, 2002

Decided: January 7, 2003

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Anthony D. Martin, SOLOMON & MARTIN, Greenbelt, Maryland, for Appellant. Thomas DiBiagio, United States Attorney, Harvey E. Eisenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Armistead D. Myers appeals his conviction and 294-month sentence for conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2000), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). We affirm.

Myers contends there was insufficient evidence to convict him. We review a jury's verdict for sufficiency of the evidence by determining whether any rational trier of fact, when viewing the evidence in the light most favorable to the Government, could find the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not review witness credibility and assume the jury resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Myers' co-conspirators provided detailed testimony regarding Myers' and their participation in a number of robberies that occurred between November 1998 and February 1999. Additionally, the Government provided a videotape from one of the robberies showing Myers, who was identified by his clothing and physical characteristics, brandishing an AK-47 assault rifle. We find there was sufficient evidence to support the jury's verdict.

Myers contends he was denied his Sixth Amendment right to a fair trial when the district court limited defense counsel's cross-examination of a Government witness regarding statements made by an unindicted co-conspirator. We review the district court's decision to limit cross-examination for abuse of discretion, *see United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997), and find none. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).*

Accordingly, we affirm Myers' conviction and sentence. We have reviewed the claims raised in Myers' pro se supplemental brief and

---

*Because the record does not conclusively establish that Myers' counsel rendered ineffective assistance, his claim is not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

find them meritless. We also deny Myers' motion for a sixty-day leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*